IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MARYANN BROTHERS, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:14-CV-108-CAR-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Administrative Proceedings

Plaintiff filed an application[3] for disability insurance benefits (DIB) on June 22, 2010, claiming disability from work since March 15, 2007.  Tr. 59.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge (ALJ).  On September 26, 2012, Plaintiff appeared and testified at a video hearing before the ALJ; Plaintiff testified at a supplemental video hearing on December 20, 2012.  *Id.*  On March 2, 2013, the ALJ returned an "unfavorable" decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  Tr. 59-72.  Plaintiff sought review of the decision with the Appeals Council, which denied review on September 16, 2014.  Tr. 1-4.  This appeal followed.

## ISSUE

**Whether the ALJ's RFC assessment adequately incorporated a limitation found in medical opinions to which the ALJ accorded weight.**

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 61.  The ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar and cervical spine, left eye blindness, depression, PTSD and headache.  Tr. 62.  He also noted that she is obese but found that her obesity did not cause any additional complications, stating that she is engaged in a weight loss

---

[3]   This is Plaintiff's third application for disability benefits.  She initially filed claims in July 2005 and June 2007.  Tr. 59.  Both of those applications were denied and Plaintiff did not pursue either beyond their initial denials.

4

management program with dieting and daily bicycling and walking to manage her weight.  *Id*.  The ALJ then determined that Plaintiff had no impairments or combination of impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 62-63.

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with additional exertional and nonexertional limitations.  Tr. 63.  The nonexertional limitations prevent her from production work and limit her to simple routine tasks with only occasional interaction with the public or coworkers.  *Id*.  Plaintiff had past relevant work as a sales clerk.  Tr. 70.  The ALJ elicited testimony from a vocational expert (VE) who opined that given the RFC formulated by the ALJ Plaintiff could not return to her past relevant work.  *Id*.  The ALJ further found that Plaintiff was 47 years old on the date last insured, which is defined as a younger individual.  *Id*.  The ALJ found Plaintiff possessed a high school education and the ability to communicate in English.  *Id*.  Considering her education, age, work experience, and RFC, the ALJ elicited testimony from a vocational expert (VE) that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform such as document preparer or printed circuit board screener.  Tr. 71.  The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from March 15, 2007 through March 31, 2012, the date last insured.  Tr. 72.

# DISCUSSION

**Does the ALJ's RFC assessment adequately incorporate a limitation found in medical opinions to which the ALJ accorded weight?**

In her brief on appeal, Plaintiff contends that the ALJ erred in failing to account for the opinion of an examining psychologist that Plaintiff decompensates under stress. Pl.'s Br. 5-11, ECF No. 9. The Commissioner responds that the ALJ adequately accounted for the limitations imposed on Plaintiff by the examining psychologist, including stress induced limitations. Comm'r's Br. 5-9, ECF No. 10.

The consultative psychological evaluation at issue was conducted on March 8, 2011 by Dr. David S. Bailey, Ed.D. Tr. 809-20, Ex. 20F. It consisted of a two hour mental status examination and a structured clinical interview resulting in a functional assessment and prognosis. Tr. 817. Plaintiff recounted an extensive work history as a sales representative, a certified nursing assistant, and a waitress, as well as work at a greenhouse and in a gym. Tr. 810-11. She also recounted a long history of alcohol abuse dating back to 1989 which resulted in incarcerations for driving under the influence of alcohol, bad checks, and domestic violence, although, in her words, she "never stayed in jail for more than overnight." Tr. 811, 816. At the time of the evidentiary hearing, she was treating for alcohol dependence through AVITA Community Partners and only drinking occasionally.

Dr. Bailey found her to have the ability to understand and carry out simple instructions but to be limited in her ability to work cooperatively with the public, coworkers and supervisors and limited as well in timely completion of assigned tasks.

He also found Plaintiff to be likely to decompensate or become unable to function under stress. Tr. 816, 817. Dr. Bailey's diagnosis was PTSD with bipolar disorder and depression and active alcohol abuse. Tr. 817.

A mental residual functional capacity assessment was done by a reviewing psychologist on March 23, 2011. Tr. 835-37. The psychologist, Dr. Clifford Guarnaccia, found Plaintiff to have no significant limitations in her ability to remember work-like procedures, understand and remember short and simple instructions, carry the instructions out, perform activities within a schedule, and work in proximity with others without causing distractions or being distracted. *Id*. He likewise found her to be only moderately limited in her ability to understand and carry out detailed instructions, remain attentive and concentrate for extended periods without special supervision, complete a normal workday and work week without interruptions, interact with the public and accept instruction from supervisors as well as respond appropriately to changes in the work setting. *Id*. Dr. Guarnaccia found her to have no marked limitations in his mental RFC. He cautioned against her working at jobs requiring multi-tasking and noted the likely need for episodic reminders from a supervisor. He concurred with Dr. Bailey that stress, such as more than minor changes in the work place, "may cause decompensation." Tr. 837.

The ALJ reviewed the medical evidence of record noting that alcohol dependence was diagnosed as early as February 2006 by Georgia Mountains Community Services. These records include evidence of use of marijuana and cocaine experimentation. Tr. 65. Further, the ALJ discussed the records of July 2008 from Northeast Georgia Medical

7

Center where Plaintiff was hospitalized for alcohol dependence, benzodiazepine dependence with withdrawal, and depression and anxiety.  He also considered in detail the findings of Dr. Bailey's consultative examination and the mental RFC by Dr. Guarnaccia and expressly gave them great weight.  Tr. 70.

Plaintiff's contention is that because the ALJ did not directly restate Dr. Bailey's finding that decompensation may occur if Plaintiff were stressed, he therefore did not consider it and failed to formulate an RFC assessment which takes account of medical evidence to which he afforded great weight.  Pl.'s Br. 10.  This argument is bolstered, in Plaintiff's view, by the fact that the records reviewer, Dr. Guarnaccia, gave Dr. Bailey's evaluation full weight in rendering the mental RFC assessment.  However, the issue of Plaintiff's possible decompensation under stress was first addressed by the ALJ at step three of the five-step sequential analysis when he determined that she does not meet a listed impairment.  The ALJ found that Plaintiff has had no episodes of decompensation of extended duration, and in doing so specifically referenced the mental RFC assessment by Dr. Guarnaccia.  Tr. 62, 63.

In formulating the RFC between steps three and four, the ALJ again specifically referenced both Dr. Guarnaccia, the State Agency psychologist, and Dr. Bailey and his March 8, 2011 consultative evaluation.  He recounted their findings and, in reference to the specific nonexertional limitations related to work performance under stress noted that while Plaintiff has adaptive abilities, decompensation "may" occur.  Tr. 67.  His reference to factors which "may cause decompensation" cited to Dr. Guarnaccia's mental RFC which itself gave full weight to Dr. Bailey's consultative examination.  He restricted

8

Plaintiff's RFC to work with simple, routine tasks and no more than occasional interaction with the public or coworkers.  He further eliminated production jobs.

An individual's response to the demands of work must be incorporated into the RFC.  SSR 85-15.  Here, the ALJ took the issue of possible decompensation into account with the limitations described above. Plaintiff's contention that her irritability, anxiety and "explosiveness" prevent her from working at jobs consisting of simple, routine tasks and limited interaction with the public and coworkers is without merit.  Pl.'s Reply 6-7, ECF No. 11.  According to the consultative examiner Dr. Bailey and the State agency psychologist Dr. Guarnaccia, she can sustain an ordinary work routine with tasks involving simple instructions and can complete tasks assigned.  *Scott v. Comm'r of Soc. Sec.*, 495 F. App'x 27 (11th Cir. 2012). This is substantial evidence to support the Commissioner's determination that jobs exist in the national economy which Plaintiff can perform and she is not disabled to work.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be affirmed.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this, the 25th day of June, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE