IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MARYANN BROTHERS,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | |
| : | No. 3:14-CV-108 (CAR) |
| **CAROLYN W. COLVIN,** : | Social Security Appeal |
| **Commissioner of Social Security,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

**ORDER ON THE REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 12] to affirm the Commissioner of Social Security's decision denying Plaintiff MaryAnn Brothers' application for disability benefits. Plaintiff filed an Objection to the Recommendation [Doc. 13]. Having considered the Objection and conducted a *de novo* review of the matters raised therein, the Court agrees with the findings and conclusions of the Magistrate Judge.

In her Objection, Plaintiff argues the ALJ erred in his RFC assessment by failing to account for the opinions of an examining psychologist that Plaintiff (1) decompensates under stress and (2) is extremely limited in her ability to get along with supervisors. The Court, however, finds no reversible error. With respect to the first issue, the Magistrate Judge fully and adequately explained that the ALJ considered the findings of both the

examining and reviewing psychologists regarding Plaintiff's response to stress and expressly gave great weight to those findings.

With respect to the second issue, Plaintiff argues the Magistrate Judge did not address the ALJ's failure to account for the examining psychologist's finding that Plaintiff is extremely limited in her ability to deal with supervisors, and the ALJ's failure to do so constitutes reversible error. The Court disagrees. As noted by the Magistrate Judge, the record shows the ALJ limited Plaintiff's RFC to work with only occasional interaction with the public and coworkers and gave weight to the examining psychologist's opinion. Indeed, the ALJ's RFC assessment is not inconsistent with the opinion that Plaintiff is limited in her ability to get along with supervisors.[1]

Accordingly, the Report and Recommendation [Doc. 12] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**. The final decision of the Commissioner is **AFFIRMED**.

**SO ORDERED,** this 20th day of August, 2015.

> S/ C. Ashley Royal
> C. ASHLEY ROYAL
> UNITED STATES DISTRICT JUDGE

---

[1] *See Shaw v. Astrue*, 392 F. App'x 684, 686 (11th Cir. 2010) (finding RFC limitation to "work with simple instructions and no more than limited public contact" was "not inconsistent" with examining physician's opinion that plaintiff "had poor abilities to interact with supervisors").